IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

BISHOP DUPREE COOK AND DAMITA J. COOK,  )
)
                    **Plaintiffs,**  )
)
**v.**  )
)   **CIVIL ACTION NO. 1:20-00355-JB-C**
**U.S. BANK NATIONAL ASSOCIATION, AS**  )
**TRUSTEE, et al.,**  )
)
                    **Defendants.**  )

## ORDER

This matter is before the Court on Defendant Bank of America, N.A. ("BANA") and Defendant U.S. Bank, N.A. as Trustee for the Holders of the Specialty Underwriting and Residential Finance Trust Mortgage Loan Asset-Backed Certificates Series 2006-BC4's ("U.S. Bank") Motions to Dismiss Plaintiffs' First Amended Complaint.  (Docs. 21 and 22).  The parties have briefed the Motion and it is ripe for resolution.

I.      **BACKGROUND**

This action arises from the foreclosure and sale of Plaintiffs' real property.  Plaintiffs filed a fourteen-count complaint in Baldwin County Circuit Court on June 8, 2020, more than nine years after the date of the foreclosure sale.  The state court action was removed to this Court on July 13, 2020.  (Doc. 1).  Immediately thereafter, BANA and U.S. Bank filed separate Motions to Dismiss.  (Docs. 2 and 3).  A hearing was held on January 25, 2021.  At that hearing, the Court indicated to Plaintiffs it was inclined to grant Defendants' motions but would grant Plaintiffs leave to file an amended complaint.  Plaintiffs were encouraged to plead, with specificity, their claims.  (*Id.*).  The First Amended Complaint ("FAC"), filed on February 22, 2021, was the result of

Plaintiffs' efforts to comply with the Court's suggestions.  (Doc. 18).  In the FAC, Plaintiffs assert the following causes of action:   Breach of Contract (Count I), Slander of Title (Count II), and Fraudulent Concealment / Suppression Cause of Action (Count IV).

In their Breach of Contract claim, Plaintiffs allege U.S. Bank failed to strictly comply with the pre-foreclosure notice requirements of the mortgage ("paragraph 22"), rendering the default and eventual sale void.  (Doc. 18 at ¶ 15).  Plaintiffs claim the resulting void foreclosure deed slanders their title.  (Doc. 18 at ¶ 33).  Last, Plaintiffs claim Defendants fraudulently concealed from Plaintiffs their failure to strictly comply with the terms of the Mortgage.  (Doc. 18 at ¶¶ 36-37).[1]  As a result, Plaintiffs claim the foreclosure sale should be set aside as void, with title vesting with them.  (Doc. 18).

Defendants filed separate motions to dismiss the FAC on March 12, 2021. (Docs. 21 and 22).  Defendant U.S. Bank argues the Breach of Contract claim should be dismissed because it is barred by the statute of limitations.  (Doc 22).  Defendant BANA argues the FAC should be dismissed as to BANA because BANA, as the loan servicer, is not a party to the mortgage; in the alternative, it is barred by the statute of limitations.

Both Defendants claim the fraudulent concealment claim should be dismissed because a) it fails to satisfy the heightened pleading requirements of Fed. R. Civ. Pro. 9 and b) fails to state a claim for which relief can be granted.  (Doc. 22).  In addition, both Defendants argue the FAC is deficient 1) because it fails to include the current and prior owners of the Property, who are indispensable to this action; and 2) it is barred by laches.  (Docs. 21 and 22).  Defendants contend

---

[1] Numbers are out of order in the FAC (Doc. 18).

the Plaintiffs' eight-year delay in asserting their claims after the foreclosure would result in undue prejudice to the subsequent purchasers and current owner.  (*Id.*).

Plaintiffs filed a Response in Opposition to the Motion to Dismiss (Doc. 24) and Defendants filed a Joint Reply (Doc. 27).  In their response, Plaintiffs concede the Slander of Title claim should be dismissed.  Accordingly, the only two claims remaining are Breach of Contract (Count I) and Fraudulent Concealment/Suppression (Count IV).

## II.   FACTS

Plaintiffs are a married couple.  On June 8, 2006, they executed a mortgage and a promissory note in favor of Wilmington Finance, Inc. ("Wilmington") to purchase the property at 108 Sweetwater Lane in Fairhope, Alabama for $481,500. (Doc. 18 at ¶ 8). The mortgage and note were recorded with the Baldwin County Probate Court under Instrument Number 982284. (*Id.*).  Plaintiffs contend Wilmington attempted to securitize the Mortgage and Note to an investment trust, identified in the foreclosure deed as "The Specialty Underwriting and Residential Finance Trust Mortgage Loan Asset-Backed Certificate Series 2006-BC4." (*Id.* at ¶ 9.). Plaintiffs contend Mortgage Electronic Registration System, Inc. ("MERS"), acting as a nominee, attempted to assign Plaintiffs' mortgage to U.S. Bank National Association ("U.S. Bank") as Trustee for the Trust on June 24, 2011. (*Id.* at ¶ 10.).

On December 5, 2011, Plaintiffs allege, U.S. Bank declared the mortgage to be in default, accelerated the debt and started the foreclosure process. (*Id.* at ¶ 11).  Plaintiffs allege, on or about January 9, 2012, U.S. Bank foreclosed the mortgage and issued a Foreclosure Deed to Old South Investments, LLC, which was the highest bidder.  (*Id.* at ¶ 12).  Plaintiffs contend U.S. Bank failed to strictly comply with the pre-foreclosure notice requirements, rendering the foreclosure

"*void ab initio*" and that, therefore, no valid or lawful foreclosure deed was ever transferred. (*Id.* at ¶ 15).

## III.   STANDARD OF REVIEW

The applicable standard for evaluating a defendant's motion to dismiss was set out by this

Court in a similar litigation:

> *Rule 12(b)(6)* motion requires the Court to construe "the complaint in the light most favorable to the plaintiff and accept[] all well-pled facts alleged . . . in the complaint as true." *Austin v. Auto Owners Ins. Co.,* 2012 U.S. Dist. LEXIS 105862, *5 n. 2 (S.D. Ala. 2012); *see, also, Boyd v. Medtronic, PLC,* 2018 U.S. Dist. LEXIS 69962, at *7-8 (N.D. Ala. 2018) ("This Court . . . 'assume[s] the[] veracity' of the complaint's 'well-pleaded factual allegations' and 'determine[s] whether they plausibly give rise to an entitlement to relief.'["]) (quoting *Ashcroft v. Iqbal,* 556 U.S. 662, 679, 129 S. Ct. 1937, 173 L. Ed. 2d 868 (2009)).  To withstand FNMA's Motion to Dismiss, Plaintiffs must have pled enough facts to state a claim to relief that is plausible on its face, so as to nudge their claims across the line from conceivable to plausible.  *See Iqbal,* 556 U.S. 662, 678 - 680, 129 S. Ct. 1937, 173 L. Ed. 2d 868.  A claim has facial plausibility when plaintiffs plead factual content that allows the court to draw the reasonable inference that the defendant  is liable for the misconduct alleged.  *Iqbal, 556 U.S. 662, 678, 129 S. Ct. 1937, 173 L. Ed. 2d 868*.  Review of the complaint is a context-specific task that requires the Court to draw on its judicial experience and common sense. *Iqbal, 556 U.S. at 679*.
>
> "[T]he Eleventh Circuit has held that when a plaintiff attaches exhibits to a complaint and the exhibits contradict the allegations of the complaint, the exhibits control."  *Muhammad v. Ocwen Loan Servicing,* No. 2018 U.S. Dist. LEXIS 239403, *30-31 (N.D. Ga. Jan. 23, 2018) (citing *Griffin Indus., Inc. v. Irvin,* 496 F.3d 1189, 1205-06 (11th Cir. 2007); *Associated Builders, Inc. v. Ala. Power Co.,* 505 F.2d 97, 100 (5th Cir. 1974)).

*Williams v. Fannie Mae*, 2020 U.S. Dist. LEXIS 225620 (S.D. Ala. December 2, 2020).

## IV. DISCUSSION

### A.    Plaintiffs' Breach of Contract Claims against BANA

Alabama law requires the following to establish a breach of contract claim: "(1) a valid

contract binding the parties; (2) the plaintiffs' performance under the contract; (3) the

defendant's nonperformance; and (4) resulting damages." *Reynolds Metals Co. v. Hill,* 825 So.2d 100, 105-06 (Ala. 2002) (citing *State Farm Fire & Cas. Co. v. Slade,* 747 So.2d 293, 303 (Ala. 1999)). As nonperformance, Plaintiffs' claim BANA, as servicer, failed to strictly comply with the notice requirements of paragraph 22 of the mortgage.  (Doc. 18 at ¶ 31).  However, BANA is not a party to the mortgage; therefore, Plaintiffs claim against BANA fails because they cannot show the parties had a valid and binding contract between them and BANA.  Further, Plaintiffs admit, U.S. Bank, not BANA (its servicer), provided the acceleration notice.  (*Id.* at ¶ 11).  Plaintiffs' claim for breach of contract should be dismissed with prejudice as to BANA.

### B.    Plaintiffs' Breach of Contract Claims against U.S. Bank

A valid contract (the mortgage) did exist between Plaintiffs and U.S. Bank.  (*Id.* at ¶ 10). Plaintiffs allege U.S. Bank informed them on December 5, 2011, that the mortgage was in default, the debt would be accelerated and the foreclosure process started.  (Doc. 18 at ¶ 11).  Plaintiffs claim the December 5, 2011 notice did not comply with the express terms of the mortgage, specifically paragraph 22 of the mortgage.  (*Id.* at ¶ 32).

Plaintiffs' breach of contract claim against U.S. Bank is barred by the statute of limitations. The statute of limitations in Alabama for a breach of contract claim is six (6) years, and it begins to run when the contract is breached.  *AC, Inc. v. Baker*, 622 So.2d 331, 333 (Ala. 1993) (citing Ala. Code § 6–2–34(9)).  Plaintiffs allege U.S. Bank sent them the insufficient notice prior to foreclosure in January 2012.  (Doc. 18 at ¶ 11).  Accordingly, any claim for breach of contract expired in December 2013 – almost 2 years prior to the filing of the original complaint.

In response to U.S Bank's statute of limitations defense, Plaintiffs contend they are not asserting a "breach of contract" claim, despite their label within their FAC.  (Doc. 24 at 8).  Instead,

Plaintiffs contend they are actually asking the Court to "set aside the foreclosure as being void due to Defendants['] failure to strictly comply with the notice requirements of the mortgage." (Doc. 24 at 8).  As support for their evolving allegations, Plaintiffs cite *Aldana v. Del Monte Fresh Produce, N.A., Inc.,*416 F.3d 1242, 1253 (11th Cir. 2005), for the proposition that allegations in a complaint should be construed liberally.   They cite *Ex parte Turner*, 254 So.3d 207, 212 (Ala. 2017), as support for their argument that notice requirements within mortgages must be strictly complied with.   Id.  In *Turner*, the Alabama Supreme Court opined "[t]here is no question that the mortgage required Wells Fargo to notify the Turners of their right to bring a legal action" and the notice to the Turners "undisputedly did not inform [them] of this right."  *Ex parte Turner*, 254 So. 3d at 210.  The Alabama Supreme Court determined Wells Fargo had failed to comply with the requirements of the mortgage; accordingly, the mortgage sale conducted on February 27, 2012, failed.  *Id.* at 213.

Relying on *Turner*, Plaintiffs contend proper notice is a condition precedent in order for the mortgagee to exercise the power of sale in the mortgage.  *Id.*  Plaintiffs argue there is a distinction between a "voidable" foreclosure deed and a "void" foreclosure.  (Doc. 24).  As such, Plaintiffs contend U.S. Bank's failure to provide proper notice, including giving Plaintiffs notice of their right to cure, the foreclosure is void (as opposed to voidable). *Id.*  This distinction matters, Plaintiffs contend, because a void foreclosure has a ten-year statute of limitations, as opposed to the two-year statute of limitations applicable to a "voidable" foreclosure.[2]

As authority for the extended statute of limitations, Plaintiffs rely on *FSRJ Properties, LLC v. Walker*, 195 So.3d 970 (Ala. Civ. App. 2015).  In *FSRJ*, the defendant obtained a foreclosure to

---

[2] The statute of limitations was not at issue in *Turner* since the action was filed ten months after the sale.

the property at issue.  195 So. 3d at 972.  At the time of the foreclosure, the plaintiff was in possession of a warranty deed.  *Id*.  The Alabama Court of Civil Appeals overturned summary judgment in favor of the defendant-foreclosure purchaser on plaintiff's declaratory judgment action.  In their declaratory judgment action, FSRJ was seeking "a declaration of the rights of the parties arising from their respective deeds."  195 So. 3d 970 at 975. More recently, in *Eaton v. VA*, 2020 U.S. Dist. LEXIS 168151 (S.D. Ala. Sep. 14, 2020), this Court observed "[t]here is authority for the proposition that, while a claim seeking a declaration that a foreclosure sale is void is subject to the presumptive one- or two-year time limit addressed above, a claim 'seeking a declaration of the rights of the parties arising from their respective deeds' is governed by the ten-year limitations period for actions for the recovery of lands or the possession thereof."  *Id.* at *12 (quoting *FSRJ Props, LLC*, 195 So. 3d at 974-75).  However, in *Eaton,* the Court found "the plaintiff could not successfully invoke the longer limitations period," because his complaint only sought damages.  *Id.* at *12-13.  The Court advised a demand seeking a declaration of the parties' interest in the property must be properly pleaded.  *Id.* at *13.

As defense counsel emphasized at the hearing, Plaintiffs have not plead and do not seek a declaration of rights as to the interest in real property.  Plaintiffs a) clearly alleged a breach of contract claim and b) as relief, asked for the foreclosure to be set aside as void and for the Court to vest title with the Plaintiffs.  (Doc. 18).  Further Plaintiffs seek to recover nominal, actual and punitive damages as a result of the breach.  (Doc. 18).  No matter how liberally the Court construes the FAC, the Plaintiffs did not ask for the Court to declare the rights and interest in the real property.  Indeed, the word "declaration" or any derivative thereof does not appear in the

FAC, at all.  The statute of limitations on Plaintiffs' claim, then, ran two years from the date of the sale.

This conclusion is supported by the very case on which Plaintiffs rely.  *See FSRJ Props., LLC*, 195 So. 3d at 974-75 ("Contrary to its argument to this court, FSRJ clearly requested in its complaint that the circuit court declare the foreclosure sale void. Because FSRJ is attempting to have the foreclosure sale set aside, FSRJ is in the same position as the mortgagor in *Kelley Realty* whose equitable claim to void the foreclosure sale had expired two years after the sale. FSRJ cannot circumvent the holding of *Kelley Realty* by emphasizing the declaratory nature of the relief requested.  Therefore, Walker was entitled to a summary judgment on the basis that the two-year limitations period for actions to set aside a foreclosure had expired."); *see also Williams v. Fannie Mae*, 2020 U.S. Dist. LEXIS 225620, *22 (S.D. Ala. December 2, 2020) ("The Court finds the court's analysis in *FSRJ* persuasive. Plaintiffs had two years to seek judicial intervention to set aside the foreclosure on their property and failed to do so. Because Plaintiffs failed to timely seek such a remedy, their claim is barred by the statute of limitations and due to be dismissed.").

For all of the reasons above, Plaintiffs' claim for breach of contract should be dismissed with prejudice as to U.S. Bank.

### C.   Fraudulent Concealment Claims

Last, Plaintiffs asserts a "Fraudulent Concealment / Suppression of Cause of Action" against both Defendants.  (Doc. 18 at ¶ 35).  More specifically, Plaintiffs allege "Defendants concealed from Plaintiffs that they failed to strictly comply with the notice requirements of the mortgage."  (Doc. 18).  As a result, Plaintiffs contend, the statute of limitations claim on the

breach contract should be tolled and the claim did not accrue until they discovered Defendants breached the notice requirements.  (Doc. 24).

The provision of the Alabama Code plaintiffs rely on read as follows:  "In actions seeking relief on the ground of fraud where the statute has created a bar, the claim must not be considered as having accrued until the discovery by the aggrieved party of the fact constituting the fraud, after which he must have two years within which to prosecute his action."  Ala. Code § 6-2-3.  As this Court observed in *Eaton*, "Although the statute speaks of actions 'seeking relief on the ground of fraud,' it extends to 'other torts not arising in fraud in appropriate cases.'"  *Eaton v. VA*, 2020 U.S. Dist. LEXIS 168151, *9-10 (quoting *DGB, LLC v. Hinds*, 55 So.3d 218, 224 (Ala. 2010) (internal quotes omitted)).  "This extension encompasses, *inter alia*, claims of negligence, wantonness and breach of fiduciary duty."  *Id.* at *10 (citing *DGB, LLC,* 55 So.3d at 224, 225 n.10).  In order to state a claim fraudulent concealment of a breach of contract action, then, a plaintiff must allege (1) defendant had a duty to disclose; (2) defendant suppressed a material fact; (3) defendant's suppression of material fact induced plaintiff to act or to refrain from acting; and (4) plaintiff suffered actual damage as a proximate result.  *Peters v. Amoco Oil Co.*, 57 F. Supp. 2d 1268, 1281 (M.D. Ala. 1999).  Furthermore, a fraudulent concealment of a cause of action claim requires the plaintiff to plead "with particularity the circumstances constituting the fraud. . ." Fed R. Civ. P. 9 (b).  *See Eaton*, 2020 U.S. Dist. LEXIS 168151, *at *10* ("Because tolling under Section 6-2-3 depends on a showing of fraud, Alabama courts require an assertion of fraudulent concealment of a cause of action to be pleaded with the particularity required by Rule 9(b) of the Alabama Rules of Civil Procedure.  State procedural rules do not apply in this action, but federal Rule 9(b) parallels its state counterpart.") (citing *Ex parte Booth*, 295 So.3d 647, 657 (Ala. 2019);

*Miller v. Mobile County Board of Health*, 409 So.2d 420, 422 (Ala. 1981); *Henderson v. Washington National Insurance Co.*, 454 F.3d 1278, 1283 (11th Cir. 2006)).

Defendants contend Plaintiffs have not met their burden.  Defendants argue Plaintiffs "failed to plead any supporting facts as to when U.S. Bank took such fraudulent actions, what those actions were, or what about those actions made them fraudulent—all required when pleading with particularity."  (Doc. 22).  Further, Defendants contend, under the facts asserted, Plaintiffs failed to state a claim.  Defendants point out there was no suppression of a material fact; rather, the opposite was true.  Defendants argue Plaintiffs plead 1) they received the allegedly defective notice and 2) the mortgage is a public document recorded in the Judge of Probate Records of Baldwin County, Alabama.  (Doc. 18 at ¶¶ 8 and 11).  This Court agrees.  At any time, within the two years of receiving the notice, Plaintiffs could have compared the notice to the mortgage to review its compliance with the terms therein.  This Court finds Plaintiffs failed to allege any facts (much less particular or specific facts) demonstrating that Defendants, or the notice Plaintiffs received, concealed from them any facts or circumstances that would have put them on notice that the Defendants may have breached the terms of the mortgage.

## V.    CONCLUSION

For the foregoing reasons, the Motions to Dismiss Plaintiffs' First Amended Complaint (Docs. 21 and 22) are GRANTED.

**DONE and ORDERED** this 18th day of March, 2022.

/s/ JEFFREY U. BEAVERSTOCK
CHIEF UNITED STATES DISTRICT JUDGE